# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **SUZANNE SAARI,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 07-40280-FDS |
| | ) | |
| **VERIZON COMMUNICATIONS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER
## ON PLAINTIFF'S MOTIONS TO REMAND

**SAYLOR, J.**

This case arises out of a dispute over a settlement agreement between plaintiff Suzanne Saari and her employer, defendant Verizon Communications, Inc. Pending before the Court is Saari's motion to remand the case to state court. For the reasons set forth below, the motion will be granted.

**I.   Background**

Saari has worked for Verizon for approximately twenty years. In 2004, she went on disability leave. She then filed a claim with the Massachusetts Commission Against Discrimination ("MCAD") against Verizon for disability discrimination. In March 2005, Saari and Verizon met with a MCAD mediator and reached an agreement to settle her claim. The parties first signed a handwritten agreement setting forth the basic settlement terms, then executed a finalized agreement on April 19, 2005. The final agreement states that it is governed by the laws of the Commonwealth of Massachusetts and enforceable in the Massachusetts Superior Court.

Saari contends that Verizon breached the settlement agreement. On August 17, 2007, she filed a complaint in the Superior Court. The complaint sets forth three claims against Verizon: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) a request for a declaratory judgment.

On October 30, 2007, Verizon removed the case to this Court. Verizon contends that this Court has jurisdiction based on both diversity and federal question jurisdiction. On November 28, Saari moved to remand the case to state court. She contends that the Court does not have diversity jurisdiction because the amount in controversy does not exceed $75,000, and does not have federal question jurisdiction because no federal laws are implicated by the claims in the complaint. Verizon requested, and was granted, four extensions in which to file a response to plaintiff's motion to remand. Despite being given four extensions and more than seven weeks in which to respond, Verizon failed to oppose Saari's motion.

## II.   Analysis

Removal from state to federal court is proper only if the federal court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a).

### A.   Diversity Jurisdiction

Federal courts have original jurisdiction over cases in which there is complete diversity among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, plaintiff contends that the amount in controversy is not sufficient to meet the $75,000 threshold. According to plaintiff, even if she were awarded the maximum amount sought in her complaint—a full year in back pay—she would recover at most approximately $62,000. The amount set forth by plaintiff in the complaint controls as long as it was asserted in good faith. *See Barrett v.*

*Lombardi*, 239 F.3d 23, 30 (1st Cir. 2001) (*citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).  There is no basis in the record to conclude that Saari's assertion of a maximum recovery of $62,000 was not made in good faith.  Because the $75,000 amount in controversy requirement is not met, diversity jurisdiction does not exist.

### B. Federal Question Jurisdiction

The Court has original jurisdiction over "federal question" cases—that is, cases "arising under the Constitution, laws, or treatises of the United States."  28 U.S.C. § 1331.  Generally speaking, federal question jurisdiction arises only if a federal claim appears "within the four corners of the complaint."  *BIW Deceived v. Local S6, Industrial Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997).  Here, Saari does not include any federal claims in her complaint.

It appears that the only way the laws of the United States could be implicated is if plaintiff's claims were preempted under § 301 of the federal Labor Management Relations Act, 29 U.S.C. § 185.  Section 301 completely preempts a state claim "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement."  *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405-06 (1988); *see also Martin v. Shaw's Supermarkets, Inc.*, 105 F.3d 40, 42 (1st Cir. 1997).  To justify preemption, however, a court must be required to interpret a plausibly disputed provision of the collective bargaining agreement ("CBA"); a mere passing reference to the CBA will not suffice to justify preemption.  *See Martin*, 105 F.3d at 42.  Furthermore, a plaintiff covered by a CBA may assert rights independent of that agreement without implicating § 301 preemption, "including state-law contract rights, so long as the contract relied upon is *not* a [CBA]."  *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 396 (1987).  The fact

that a defendant may be able to raise a federal question as part of its defense to plaintiff's claims does not justify removal based upon preemption. *See id.* at 398-99.

Saari's claims against Verizon are not susceptible to federal preemption under § 301 of the LMRA. The complaint includes three state-law claims that arise out of an alleged breach of a settlement contract with Saari, and the resolution of those claims does not implicate or depend upon the meaning of any CBA. Defendant cannot rely on § 301 preemption to justify federal question jurisdiction over this matter.

### III.   Conclusion

For the foregoing reasons, plaintiff's motion to remand the matter to the Massachusetts Superior Court is GRANTED.

**So Ordered.**

                                                  /s/ F. Dennis Saylor
                                              F. Dennis Saylor IV
                                              United States District Judge

Dated:  April 8, 2008